UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITAS ELECTRONIC SECURITY, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>BRUCE DEBON,<br><br>*Defendant.* | Case No. 1:20-CV-05323-CM<br><br>**STIPULATED CONFIDENTIALITY ▆▆▆▆▆ ORDER** |
| BRUCE DEBON,<br><br>*Third-Party Plaintiff,*<br><br>v.<br><br>FELIX GONZALES,<br><br>*Third-Party Defendant.* | |

The parties, through their respective undersigned counsel, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation;

It is therefore hereby ORDERED that any person or entity (a "person") subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Portions of deposition testimony may be designated as Confidential either on the record during the deposition or within five (5) days of receipt of the transcript.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any person called to testify at deposition or any person whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, or any person whom counsel for a party in good faith believes should be shown Discovery Material designated as Confidential to assist counsel in the prosecution or defense of the claims or defenses in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    f. stenographers and videographers engaged to transcribe and video record depositions conducted in this action; and

    g. the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and consistent with Section VI of the Court's Individual Practices and Procedures. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, then on or before the fourteenth (14th) day falling on a business day after service of said written notice, the designating party must seek a ruling from the Court (by letter application to file a motion, letter-motion, or directly initially by motion, as permitted by the Court's Individual Practices & Procedures) to

preserve the Confidentiality designation or otherwise the designation lapses. The Confidentiality designation remains in force upon the filing of the application to preserve the Confidentiality designation until the court determines whether the application to preserve the Confidentiality designation should be sustained.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. This Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

13. The Court does not retain jurisdiction over orders such as this after the litigation is concluded.

14. This Stipulated Confidentiality Order shall not be construed as an admission by any party that any document or other evidence is Confidential, discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. Moreover, a party's lack of objection to a Confidential designation is not an admission that the designated Discovery Material is confidential. There are no intended beneficiaries of this Stipulated Confidentiality Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

## ADDENDUM IN ACCORDANCE WITH SECTION VI OF THE INDIVIDUAL PRACTICES AND PROCEDURES OF THE HONORABLE COLLEEN McMAHON, CHIEF UNITED STATE DISTRICT JUDGE

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe

6

should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**THIS STIPULATED CONFIDENTIALITY ORDER IS HEREBY SO ORDERED THIS**

__23__ **DAY OF** December 2020.

HON. COLLEEN McMAHON
Chief United States District Judge

We hereby agree to the form and substance of this Stipulated Confidentiality Order, including the Addendum in accordance with the Section VI of the Individual Practices and Procedures of the Honorable Colleen McMahon, Chief United States District Judge.

HALSBAND LAW OFFICES

By: _____ 12/18/2020
David S. Halsband, Esq.
Court Plaza South
21 Main St., East Wing, 3d Fl.
Hackensack, New Jersey 07601
Tel. 201.487.6249
Fax 201.487.3176
E-mail: david@halsbandlaw.com
*Attorney for Defendant and Third-Party Plaintiff, Bruce DeBon*

SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP

By: _____ 12/22/2020
Steven Gerber
Christopher M. McFadden
551 Fifth Avenue 12th Floor
New York, NY 10176
Tel. (212) 661-5030
Tel. (973) 256-9000
Fax (973) 256-9001
E-mail: sgerber@schoeman.com
E-mail: cmcfadden@schoeman.com
*Attorneys for Plaintiff Securitas*

*Electronic Security, Inc. and Third-Party Defendant Felix Gonzales (misnamed in the Third-Party Complaint as "Gonzalez")*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITAS ELECTRONIC SECURITY, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>BRUCE DEBON<br><br>*Defendant.* | Case No. 1:20-CV-05323-CM<br><br>**NON-DISCLOSURE AGREEMENT** |
| BRUCE DEBON,<br><br>*Third-Party Plaintiff,*<br><br>v.<br><br>FELIX GONZALES,<br><br>*Third-Party Defendant.* | |

I, _____, acknowledge that I have read and understand the attached Stipulated Confidentiality Order in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my

1

willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:

                                                                           _____
                                                                           [insert name]