UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SECURITAS ELECTRONIC SECURITY,  :
INC.,
                                 :
          Plaintiff,
                                 :        **MEMORANDUM AND ORDER**
               v.
                                 :        20-CV-5323 (CM) (KNF)
BRUCE DEBON,
                                 :
          Defendant.
-------------------------------------------------------X
BRUCE DEBON,                     :

          Third-Party Plaintiff,  :

               v.                :

FELIX GONZALEZ,                  :

          Third-Party Defendant.  :
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

     Plaintiff Securitas Electronic Security, Inc. commenced this action against its former

employee Bruce DeBon ("DeBon") for damages asserting: (1) breach of fiduciary duty; (2)

unfair competition; (3) tortious interference with contractual relations; (4) tortious interference

with prospective contract; (5) usurpation of corporate opportunities; and (6) unjust enrichment.

The plaintiff alleges that the defendant used its confidential and proprietary information during

and after his employment with the plaintiff "to assist with the formation of a competitor venture

to directly compete with" the plaintiff, including to assist long-time clients of the plaintiff, Atco

Management Services, LLC ("ATCO"), Jeffrey Management Corp. ("JMC") and Vornado, to

divert business from the plaintiff to the defendant's new employer, Croker Fire Drill Corporation

("Croker").  DeBon asserted counterclaims and third-party claims against Felix Gonzalez.

Before the Court is  non-party Croker's motion to quash the plaintiff's subpoena, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, opposed by the plaintiff.

## MOVANT'S CONTENTIONS

The movant argues that: (1) "Securitas's allegations are legally insufficient to sustain the subpoena on Croker"; and (2) "the subpoena is overbroad, disproportionate and seeks irrelevant information under Rule 26(b)(1)."  In connection with the first argument, the movant asserts:

> As a general matter, Securitas's allegations are devoid of the most basic yet necessary elements in order to sustain the subpoena.  Securitas does not allege that it has any legal right to prevent DeBon from working at Croker by way of any restrictive covenants or other bases.  Securitas does not allege any legal right, contractual or otherwise, that could prevent ATCO, JMC, or Vornado from ending their business relationship, according to their contracts, and working with another entity such as Croker.  Yet Securitas seeks all documents and all communications between DeBon and Croker from even before DeBon worked at Securitas and even after Securitas fired DeBon.  Securitas also seeks all documents that Croker maintains for DeBon and all of Croker's documents as to how ATCO, JMC, and Vornado came to do business with Croker.  The breadth and scope of the subpoena are well beyond what Rule 26(b)(1) permits given that Securitas has not plead any legal right to stop DeBon from working at Croker—after Securitas fired him—or to stop these entities from doing business with Croker at any time.  Thus, such documents, if any, are irrelevant to the claims asserted by Securitas in the Complaint.  Therefore, this subpoena lacks a proper foundation in the pleadings and is an abuse of process by Securitas seeking to uncover Croker's private business information and DeBon's private business relationship with Croker.

In connection with the second argument, the movant contends that the "Requests 3, 4, 5, 6, 7, 9, 10, 11, 12, and 13 seek 'all documents,' 'all communications,' and 'all materials' dealing with a variety of subjects that clearly include attorney-client privileged communications between Croker and its counsel."  Given that the scope of "'all documents' would include any attorney-client communications," the subpoena should be quashed. According to the movant, the subpoena "seeks irrelevant and disproportionate material" because Securitas does not allege that the defendant is under any restrictive covenant that would prevent his employment with Croker or that Croker is prevented from entering into contracts with

ATCO, JMC or Vornado.  Thus, no basis exists to demand disclosure "of such a vast set of documents and material from Croker."  "For example, request No. 1 of the subpoena seeks 'all communications' between DeBon and Croker from January 1, 2017 through April 1, 2019," which is "patently overbroad, as Securitas admits that DeBon did not become an employee of Securitas until June 2018."  Since Securitas admits that its contracts with ATCO, JMC and Vornado ended according to their terms on December 31, 2019, January 6, 2020, and April 4, 2020, respectively, the time period from June 2018 through April 1, 2019, when Securitas terminated DeBon's employment, is irrelevant, and Securitas admits that it lost no customers between June 2018 and April 1, 2019.  Request No. 2 seeks "all communications" between Croker and DeBon from April 1, 2019 until DeBon began his employment at Croker.  However, Securitas does not allege that DeBon's employment with Croker is unlawful.  Request No. 3 seeks "all documents, including but not limited to a personnel file, that contain information relating to DeBon's compensation as an employee of Croker."  The movant asserts that in the absence of a restrictive covenant, this request seeks "irrelevant and disproportionate material," including confidential personal information.  Similarly, request Nos. 4 and 5 seek "All communications" from January 1, 2017 "that concern or mention DeBon" or "that concern or mention Securitas," which include "attorney-client material" and irrelevant information.  Request No. 8, seeking "all materials" from January 1, 2017 to the present that "mention" or "concern" Vornado, JMC, or ATCO, is made in bad faith because these companies were not Securitas's clients before 2018, when the defendant started his employment with Securitas.  The movant contends that request No. 9 is overly broad because it seeks:

> All agreements, understandings, arrangements, commitments, promises, obligations, term sheets, letters of intent, or other materials reflecting terms concerning Croker's past, present, or future interactions with DeBon, including, but not limited to, the possibility of DeBon assisting Croker with obtaining business,

or DeBon becoming an employee or agent of Croker, and his becoming such an employee or agent, between January 1, 2018 and the present.

Request No. 10, seeking "All documents or communications" from January 1, 2018 to the present about DeBon's obligations to Securitas" is irrelevant and request Nos. 11, 12 and 13, seeking "Any and all document(s) and/or communication(s) related to Croker's acquisition as a customer or client, or otherwise doing business with," Vornado, ATCO or JMC from January 1, 2018 to the present, are "particularly disturbing" due to their irrelevancy. The movant asserts that the subpoena violates Rule 45(d)(3)(A)(i), (iii) and (iv) because it was served on December 9, 2020 with a return date of December 23, 2020, and does not provide reasonable time for compliance. In support of the motion, the movant submitted a declaration by its attorney with exhibits.

## PLAINTIFF'S CONTENTIONS

The plaintiff asserts that this action "is not about whether DeBon had the right to work for Croker subsequent to his employment (i.e. whether he was subject to a non-compete agreement), nor is it about whether customers of SES [Securitas Electronic Security, Inc.] have the right to choose with whom they conduct business after their contractual obligations have expired"; rather, it concerns DeBon's unlawful use and misappropriation of the plaintiff's resources to compete unfairly with the plaintiff, including "using that information to entice customers from SES to his new employer, Croker, thereby tortuously [sic] interfering with SES's contracts and business opportunities and expectations." According to the plaintiff, Crocker is in possession of documents and communications that will show that DeBon "employed wrongful conduct to secure customers that had been contractually engaged with" the plaintiff. Each request "is specifically tailored to obtain documents related to the claims in this action regarding

4

DeBon's misconduct and misuse of SES confidential and proprietary information which resulted in interference with its customer contracts and other business opportunities."

> Requests 1-4 concern communications between Croker and DeBon or about DeBon prior to his becoming an employee of Croker as well as documents concerning DeBon's compensation structure. Requests 5-7 specifically concern any SES information or documents (as defined in the Subpoena, and which would include the information alleged to have been misappropriated) and communications about SES. Requests 8, and 11-13 refer to documents related specifically to three entities – Vornado, Atco, and Jeffrey Management – that SES alleges DeBon improperly enticed to end their contracts with SES and move to his new employer, Croker. Requests 9 and 10 seek documents related to how DeBon became an employee of Croker as well as Croker's and DeBon's understanding (if any) of DeBon's obligations to SES with regard to use of its confidential or proprietary information.

To the extent that Croker's counsel believes that requests are too broad, counsel did not confer with the plaintiff concerning the issue or otherwise limit production.

The plaintiff contends that "Croker has not made any attempt to show how the production of the requested documents would be a burden on it, let alone an undue one." With respect to "the breadth of the documents requested, temporal scope, description of documents, and burden imposed," the plaintiff "expects that the documents sought are electronically stored in a database and can easily be obtained and sorted through focused keyword searches or a review of a limited number of custodian's e-mail accounts for the specified limited time periods." Moreover, the subpoena instructions provide a mechanism to address any objections based on attorney-client privilege, work-product protection or any other protection or immunity, and the plaintiff "does not request or expect any privileged material to be produced in response to the Subpoena." With respect to non-privileged documents or information Croker deems private, the Court entered a Stipulated Confidentiality Order, on December 23, 2020, under which third parties may assert that documents or information are confidential and obtain protections against their unnecessary disclosure, and the plaintiff "would be amenable to Croker designating documents as

confidential per the terms of the stipulated confidentiality order." The plaintiff contends that 14

days is a reasonable amount of compliance time under the circumstances and "driven by this

case's strict discovery schedule, whereby no additional parties may be added to the litigation or

pleadings amended after March 31, 2021, and all discovery must be completed by July 23,

2021." The plaintiff was receptive to providing a reasonable extension of time, but Croker

requested an additional 30 days, which would not be aligned with the discovery schedule in this

action and no further communication from Croker's counsel was received by the plaintiff

concerning a shorter extension prior to the instant motion. In support of its opposition to the

motion, the plaintiff submitted a declaration by its attorney with exhibits.

## MOVANT'S REPLY

The movant asserts that the plaintiff failed to explain the time periods contained in nine

of thirteen requests in the subpoena, namely, request Nos. 1, 4, 5, 8, 9, 10, 11, 12 and 13, that are

"clearly overbroad," and it did not explain why the time periods before DeBon even worked for

the plaintiff and Crocker are relevant. Failure to do so "leaves the Court and Crocker to guess

why these time periods were included." The plaintiff also failed to show that the scope of the

requests is proper, such as, for example, request Nos. 1-4, which seek "all" communications

between DeBon and Croker and "are not tethered to material that relates to Securitas." The

plaintiff does not offer more than its conclusory assertion that the material is relevant. Similarly,

the plaintiff did not explain the relevancy of request Nos. 9 and 11-13 seeking "all" material

having no relation to the plaintiff and request Nos. 11-13 seek "all" material between Crocker

and Vornado, Atco and JMC. Request Nos. 5-7 and 10 seek documents and communications

that "mention" or "contain" the plaintiff's information and, if the plaintiff's contention is true

that this case is about DeBon's alleged misuse of the plaintiff's confidential information, the

requests should be tailored seeking only such confidential information. In the complaint, the

plaintiff alleges that confidential information was "contracts," "pricing information,"

"emergency action plans" and "client training material." However, its subpoena failed to tailor

the requests to that alleged confidential material. The subpoena instructs that "document is used

in the broadest sense permitted" and "is not limited . . . ." Thus, "the lack of tailoring exposes

the subpoena as a classic fishing expedition and an unwarranted invasion into the privacy of

Croker." It appears that "any document that mentions Securitas is swept up and Crocker would

be in violation of the subpoena if it does not track down every document that mentions

Securitas." Request Nos. 6 and 7 go even further by not having a time limitation. The movant

contends that the plaintiff admitted refusing to grant an extension of 30 days and failed to explain

why such an extension to January 23, 2021, would not be within the discovery schedule.

## LEGAL STANDARD

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b)(1).

Rule 45 of the Federal Rules of Civil Procedure provides for quashing or modifying a subpoena

as follows:

> (A) *When Required*. On timely motion, the court for the district where compliance
> is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule
> 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(d)(3).

The movant bears the burden of persuasion in a motion to quash a non-party subpoena. United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Whether a subpoena imposes an undue burden depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Int'l Bus. Mach. Corp., 83 F.R.D. at 104. Moreover, "[a]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Ireh v. Nassau Univ. Med. Ctr., 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); During v. City Univ. of N.Y., 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch Inc., 330 F.3d 104, 108 (2d Cir. 2003).

Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018).

## APPLICATION OF LEGAL STANDARD

The movant argues, without citation to any legal authority, that the subpoena should be quashed because "Securitas's allegations are legally insufficient to sustain the subpoena on Croker." Reciting what the complaint does not allege, without more, does not establish that the "allegations are legally insufficient to sustain the subpoena on Croker" or that the requests in the

8

subpoena seek irrelevant information not permitted by Rule 26(b)(1).  Accordingly, the movant's

argument is rejected as baseless and meritless, and quashing the subpoena on this ground is not

warranted.

The movant argues, without any evidence or legal authority in support, that the subpoena

should be quashed because it seeks "all" documents and "'all documents' would include any

attorney-client communications."  The plaintiff in its opposition represented to the Court that it

"does not request or expect any privileged material to be produced in response to the Subpoena"

because its subpoena's definitions and instructions indicate that attorney-client privileged

information is not included.  The Court finds that the subpoena does not seek any information

protected by the attorney-client privilege.  Accordingly, quashing the subpoena on the ground

that it seeks information protected by the attorney-client privilege is not warranted.

The movant asserts, without evidence or legal authority in support, that 14 days is not a

reasonable amount of time for compliance.  Although the movant requested a 30-day extension

of time to respond to the subpoena, which the plaintiff declined, the movant failed to provide any

specifics demonstrating the unreasonableness of the 14-day period and the extent and nature of

the alleged undue burden it would impose on the movant.  Thus, quashing the subpoena on this

ground is not warranted.

The movant argues that the subpoena seeks irrelevant and disproportional material.  The

plaintiff asserts that each request "is specifically tailored to obtain documents related to the

claims in this action regarding DeBon's misconduct and misuse of SES confidential and

proprietary information which resulted in interference with its customer contracts and other

business opportunities."  Apart from alleging that the defendant's misuse of the plaintiff's

confidential and proprietary information "resulted in interference with its customer contracts and

other business opportunities" and reciting what the requests in the subpoena seek, the plaintiff failed to explain the relevance of each request to any particular element of its causes of action for tortious interference with contract, see Oxford Health Plans (N.Y.), Inc. v. Biomed Pharm., Inc., 181 A.D.3d 808, 814, 122 N.Y.S.3d 47, 54 (2020) ("The elements of tortious interference with a contract are: '(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff.'"), or tortious interference with prospective business relations, see Carvel Corp. v. Noonan, 3 N.Y.3d 182, 192, 818 N.E.2d 1100, 1104 (2004) ("[C]onduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship."), which it asserts form the bases for the subpoena requests.

In its opposition to the motion, the plaintiff did not address the movant's objections based on relevancy and the overly broad scope of the requests covering: (a) the time periods that start in January 2017, before DeBon's employment with the plaintiff commenced in June 2018 and before his employment with the movant; and (b) unlimited time periods.  Other than making the self-serving conclusory assertion that its requests are highly relevant and narrowly tailored, the plaintiff provided no evidence or legal authorities in support of those assertions.  The movant is correct that the plaintiff's requests seeking "all" documents, communications and materials are not narrowly tailored because they do not identify or describe in any manner any specific confidential or proprietary information which the plaintiff alleges DeBron misused to interfere with the plaintiff's contracts or business opportunities.  Rather, the subpoena requests seek

irrelevant information and are overly broad.  The Court sustains the defendants' objections based

on the grounds of relevancy and scope and finds that quashing the subpoena is warranted.

## CONCLUSION

For the foregoing reasons, the movant's motion to quash the plaintiff's subpoena, Docket

Entry No. 26, is granted.

Dated: New York, New York                    SO ORDERED:
        February 18, 2021


_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

11