UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

SECURITAS ELECTRONIC SECURITY, INC.,

       Plaintiff,

-against-

BRUCE DEBON,

       Defendant.

20-cv-5323 (CM) (KNF)

───────────────────────────────

BRUCE DEBON,

       Third Party Plaintiff

-against

FELIX GONZALEZ,

       Third Party Defendant.

───────────────────────────────

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

McMahon, C.J.:

    The complaint in this action alleges that Defendant Bruce DeBon violated his fiduciary duty to his former employer, Plaintiff Securitas Electronic Security, Inc. (Securitas), by misappropriating Securitas' confidential and proprietary information, which he then used to form a new venture that is competing with Securitas and disparaging the company to existing and potential customers. The complaint also charges DeBon with unfair competition under New York

1

law and that he tortiously interfered with a contract between Securitas and a company called Vornado.

DeBon moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For substantially the reasons articulated by plaintiff in its opposing brief, DeBon's motion is entirely without merit. It is denied.

I.     **Standard for Evaluating a Motion to Dismiss and Factual Background**

A motion for judgment on the pleadings is judged by the familiar standards applicable to a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The court looks to the four corners of the complaint, presumes all well-pleaded facts to be true, and draws all reasonable inferences in favor of the pleader. *See Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003); *see also Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from

conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id*. at 570; *Iqbal*, 556 U.S. at 680.

The only pleading that is relevant for our purposes is the complaint. In his moving papers, DeBon cites allegations that are not pleaded in the complaint filed by Securitas, but that are drawn from a counterclaim he filed against Securitas, and a third-party complaint he filed against Felix Gonzalez, a Securitas employee. Those allegations are outside the four corners of Securitas' complaint and cannot and will not be considered in deciding DeBon's motion. *Pani v. Empire Blue Cross Blue Shield*, 152 F. 3d 67, 71 (2d Cir. 1998).

The reader is referred to the text of the complaint (Docket #1) for a full description of the facts. The complaint alleges, in substance, that DeBon was employed by Securitas as the Managing Director of its Diversified Security Solutions (DSSI) Division. Securitas had acquired the DSSI Division via its purchase of DeBon's former employer, Kratos Public Safety & Security Solutions, Inc. (Kratos PSS). It alleges that, from the time of the acquisition, DeBon began to breach his duty to his new employer in a variety of ways: by helping an existing Securitas client, Vornado Realty Trust, develop its own internal life and safety division to compete with Securitas and to provide the services that were being provided to Vornado by Securitas; by inducing other Securitas employees to assist in this endeavor; by portraying Securitas in a negative light to DSSI employees; by sending and causing others to send confidential Securitas information to Vornado; by commercially disparaging Securitas during the course of his employment; and by representing himself as the Director of Fire Safety for Vornado while he was on the Securitas payroll.  Once his actions were discovered and Securitas fired him, DeBon allegedly continued the commercial disparagement of his former employer and used proprietary information, including pricing data and emergency action plans to which  he had access as a Securitas employee, to induce Securitas

customers to cancel their contracts with Securitas and to otherwise compete with his former employer while working for a new enterprise, Croker Fire Drill (Croker). Among the customers who cancelled or declined to renew contracts as a result of DeBon's allegedly faithless actions were ATCO Management Services, LLC (ATCO), Jeffrey Management Corp. (JMS), and Vornado.

In his answer to the complaint, DeBon denied all of the material allegations of Securitas' complaint.

## II. Discussion

### A. The First Cause of Action States A Claim for Breach of Fiduciary Duty

On the basis of these factual allegations, the First Cause of Action alleges that DeBon breached his fiduciary duty to Securitas.

DeBon moves to dismiss the First Cause of Action by characterizing it as a fraud claim that is subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). It is not, however, a fraud claim. The fact that DeBon is alleged to have made false statements about his former employer, disparaging it and its business to current and former customers, does not transform this garden-variety breach-of-fiduciary-duty claim into a fraud claim that is subject to heightened pleading requirements.

When deciding whether a claim sounds in fraud, a court reviews the facts alleged to see on what ground the claim rests. Securitas' complaint does not allege that DeBon defrauded Securitas; neither does it allege that DeBon defrauded Vornado and others by making false statements to them. It alleges that he betrayed the trust of his employer by denigrating the company, both during and after his employment, in violation of his duty not to engage in such conduct. Rule 8(a)(2)

4

governs the pleading requirement for such a claim, and Rule 9(b) is inapplicable. *Schupak v. Florescue*, No 92-cv-1189 (JFK), 1993 WL 256572, at *3 (S.D.N.Y. July 8, 1993).

The complaint pleads facts to state a breach-of-fiduciary-duty claim, including that DeBon was an employee that owed Securitas a fiduciary duty, that DeBon intentionally breached that duty by acting against Securitas, and that Securitas lost contracts and thus suffered damages as a result. This pleads all the necessary elements for a cause of action. *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020).

The motion to dismiss the First Cause of Action is denied.

**B. The Second Cause of Action States a Claim for Unfair Competition**

In New York, unfair competition is a broad and flexible doctrine that encompasses "any form of commercial immorality," or "endeavoring to reap where (one) has not sown." *Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. CBS,* 672 F. 2d 1095, 1105 (2d Cir. 1982) (citations omitted). The facts set forth above, if proven, make out a claim of "endeavoring to reap where one has not sown" – specifically in connection with DeBon's alleged misuse of Securitas' proprietary information. Therefore, the claim for unfair competition is sufficiently pleaded.

DeBon's quarrel with the Second Cause of Action rests on his dispute about what the facts truly are: he rests on his own version of the facts, as set forth in his third-party complaint against Felix Gonzalez. However, DeBon's alternate version of what actually happened – who actually developed certain information; who owned it at the time it was used; and whether it was actually confidential – is of no moment on a motion to dismiss this particular complaint. As Securitas points

out, those are disputed facts; and on this motion I am presuming Securitas' version of the facts to be true.[1]

DeBon's motion to dismiss the Second Cause of Action is denied.

**C. The Third and Fourth Causes of Action State Claims for Tortious Interference**

Securitas' Third Cause of Action alleges that DeBon tortiously interfered with DSSI's service contract with Vornado, ATCO, and JMS by inducing them to terminate their relationships with Securitas/DSSI prematurely and without cause. DeBon's contention that the claim should be dismissed because the complaint somehow fails to allege that there was any breach of contract by Vornado is absurd; the complaint alleges that Vornado prematurely terminated the contract, which, if true (and it is presumed to be true), would constitute a breach of contact. For that reason alone, the Third Cause of Action cannot be dismissed, and it is unnecessary to consider any other arguments.

Moreover, to the extent that other contracts between Securitas/DSSI and customers were terminable at will, Securitas' allegation that DeBon was violating his fiduciary duty brings its claim of tortious interference squarely within that doctrine. It has long been the law in New York that tortious interference encompasses contracts terminable at will "when the alleged means employed by the one interfering were wrongful as . . . in violation of a duty of fidelity owed to the plaintiff by the defendant by reason of a relation of confidence existing between them." *Guard Life Corp v. S. Parker Hardware Mfg. Corp.*, 50 N.Y. 2d 183, 194 (1980). The employment

---

[1] Indeed, my only quarrel with the argument propounded by Securitas is its suggestion that a motion for summary judgment, rather than a motion to dismiss, would be the appropriate vehicle for deciding between the facts pleaded in Securitas' complaint and in DeBon's third-party complaint. Two such diametrically opposed versions of the truth are rarely amenable to summary judgment; normally a trial is required. Whether that be true in this case remains to be seen.

relationship between Securitas and DeBon following Securitas' acquisition of DSSI is, of course, a relation of confidence existing between the plaintiff and defendant.

The Fourth Cause of Action alleges that DeBon tortuously interfered with Securitas' prospective business relations. Malice is an element of tortious interference, so ordinarily a party alleging tortious interference must allege that the defendant acted with the sole purpose of harming the plaintiff. However, if a pleading alleges that a defendant "used dishonest, unfair or improper means" to interfere with a prospective business relationship, that will suffice to meet the malice requirement. *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 241 F. Supp. 3d 461, 486 (S.D.N.Y. 2017); *see also Brown v. AXA Re,* No. 02-cv-10138 (LTS), 2004 WL 941959, at *7 (S.D.N.Y. May 3, 2004). I have already pointed out that Securitas' complaint alleges the use of dishonest, unfair and improper means, including engaging in commercial disparagement and using proprietary business information that belonged to the plaintiff, in order to interfere with the plaintiff's ability to enter into contracts. That gets this claim past a motion to dismiss.

DeBon's motion to dismiss the Third and Fourth Causes of Action is denied.

**D. The Fifth Cause of Action States a Claim for Usurpation of Corporate Opportunity**

Securitas' Fifth Cause of Action accuses DeBon of usurping corporate opportunities for himself. Under New York law, "The corporate opportunity doctrine provides that 'corporate fiduciaries and employees cannot, without consent, divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation.'" *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13-cv-4650 (JFK), 2015 WL 7078641, at *4 (S.D.N.Y. Nov. 12, 2015) (quoting *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 542 N.Y.S. 2d 530, 533 (1st Dep't 1989)). The doctrine applies to employees even after their employment has been terminated. *Pure Power Boot Camp, Inc., v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 524 (S.D.N.Y.

2011). To state a claim, a corporation must have a "tangible expectancy" that a particular opportunity will ensue, and when a corporation already has a business relationship with another entity, it is easier to establish that it has a "tangible expectancy" of continuing that relationship, not simply a desire or hope. *Alexander & Alexander*, 542 N.Y.S. 2d at 534. The complaint in this case alleges that Securitas, through the DSSI Division it acquired in 2018, was providing services to multiple entities, some of them under contracts that had been renewed again and again, and had received no complaints about that service – all of which gave Securitas a reasonable expectation that this would continue after it purchased DSSI. Indeed, it is difficult to understand why Securitas would have paid valuable consideration to acquire DSSI's business if, after conducting due diligence, it did not have a reasonable expectation that these business relationships would continue.

The fact that Securitas had only recently acquired DSSI does not undermine this inference. In fact, if, as is alleged, Securitas were keeping DSSI's existing personnel (like DeBon) and using its already proven business strategies (strategies that DeBon alleges were developed by him), the inference that the relationships would continue become highly plausible. At the very least, Securitas has alleged facts that, if proved, would satisfy the "reasonable expectation" test.

DeBon's motion to dismiss the Fifth Cause of Action is denied.

### E. The Sixth Cause of Action Can Be Pleaded in the Alternative

Finally, Securitas has asserted a claim for unjust enrichment, on the ground that DeBon benefitted financially from his improper use of Securitas' resources, confidential client information, proprietary information and intellectual property. It seeks, inter alia, disgorgement of the salary and benefits that Securitas paid to DeBon in the period of his employment that followed the Securitas acquisition of DSSI, as well as any compensation or benefits that DeBon has received

as a result of his inducing ATCO, JMS and Vornado to cancel their contracts with Securitas/DSSI and to contract instead with Croker, the entity with which DeBon is now affiliated.

While an unjust enrichment claim is not viable if "it simply duplicates, or replaces, a conventional contract or tort claim," it remains viable when "the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Haraden Motorcar Corp. v. Bonarrigo*, 19-cv-1079 (BKS/DJS), 2020 WL 1915125, at *10 (N.D.N.Y. April 20, 2020) (quoting *Corsello v. Verizon N.Y., Inc.*, 944 N.Y.S. 2d 732, 790 (2012)). The facts pleaded assert a plausible claim of unjust enrichment. While Securitas cannot recover for both its fiduciary and corporate opportunity diversion claims and unjust enrichment – that would give it double recovery – it is premature to dismiss the unjust-enrichment claim as duplicative.

DeBon's motion to dismiss the Sixth Cause of Action is denied.

## Conclusion

DeBon obviously did not take well to Securitas' acquisition of his long-time employer, DSSI. But he remained in the newly-acquired corporation's employ, and so owed it a duty of undivided loyalty. The facts pleaded in the complaint, if proven, suggest that he breached that duty in multiple ways, to the detriment of Securitas. His motion to dismiss the complaint is denied.

The Clerk is directed to remove the motion at Docket #34 from the court's list of open motions.

Dated: March 15, 2021

_____
Chief Judge

BY ECF TO ALL COUNSEL