UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SECURITAS ELECTRONIC SECURITY,   :
INC.,
                                 :

            Plaintiff,

                                 :            **MEMORANDUM AND ORDER**

            v.
                                 :                20-CV-5323 (CM) (KNF)

BRUCE DEBON,
                                 :

            Defendant.
------------------------------------------------------X
BRUCE DEBON,                     :

            Third-Party Plaintiff,   :

            v.                   :

FELIX GONZALEZ,                  :

            Third-Party Defendant.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

        Plaintiff Securitas Electronic Security, Inc.("SES") commenced this action against its

former employee Bruce DeBon ("DeBon") for damages asserting: (1) breach of fiduciary duty;

(2) unfair competition; (3) tortious interference with contractual relations; (4) tortious

interference with prospective contract; (5) usurpation of corporate opportunities; and (6) unjust

enrichment.  The plaintiff alleges that the defendant used its confidential and proprietary

information during and after his employment with the plaintiff "to assist with the formation of a

competitor venture to directly compete with" the plaintiff, including to assist long-time clients of

the plaintiff, Atco Management Services, LLC ("ATCO"), Jeffrey Management Corp. ("JMC")

and Vornado, to divert business from the plaintiff to the defendant's new employer, Croker Fire

Drill Corporation ("Croker").  DeBon asserted counterclaims and third-party claims against Felix

1

Gonzalez.  Before the Court is non-party JMC's motion to quash the plaintiff's subpoena, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, or for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, opposed by the plaintiff.

## MOVANT'S CONTENTIONS

The movant asserts that, in connection with the plaintiff's December 23, 2020 subpoena for documents, it engaged the services of a consulting firm to probe the movant's massive data stores to determine the scope of the subpoena.  The analysis revealed that 13,000 to 40,000 email documents are potentially responsive to the subpoena, the substantial number of which are privileged or proprietary, requiring counsel to expend not less than 60-70 hours determining whether privilege or proprietary information will be claimed.  The movant asserts that the subpoena is overly broad, and the time and effort required to response to it are not justified.  The plaintiff refused to refine its search request or agree to cover the cost associated with the subpoena's search demand.

The movant argues that the allegations in the complaint are insufficient to sustain the subpoena served on it.  The subpoena seeks every document that JMC maintains related to the defendant since 2017 and all communications between JMC and "DSSI, Herb Boeckenhaupt or any other employee of 200mph Medi Group, LLC," which is beyond the scope allowed by Rule 26(b)(1), given that the plaintiff has not pleaded any culpability on the movant's part.  Thus, the subpoena lacks a proper foundation in the pleadings and represents an abuse of process by the plaintiff who seeks to uncover the movant's private business information and relationship with the defendant.

According to the movant, the subpoena seeks "all documents," "all communications," and "all materials," dealing with a variety of subjects "that clearly include attorney-client or

other privileged communications." Since the subpoena seeks privileged information, it should be quashed. Moreover, the subpoena seeks irrelevant and "disproportional material." Since the plaintiff does not allege that any relationship between the movant and the defendant is subject to any restrictive covenant or that the movant is under any legal obligation not to engage in business dealings with the defendant, "DSSI or 200mph Media Group," no basis exists to seek documents from the movant. The movant contends that the subpoena violates "Rule 45(d)(3)(A)(i), (iii) and (iv)" because it was served on December 9, 2020, with a return date of December 23, 2020, not allowing sufficient time to respond in light of the breadth of the demanded information. Given the cost necessitated by the subpoena, the plaintiff should be required to bear the costs of the attorney document review and production. The subpoena constitutes an undue burden and harassment and has been served on the movant in bad faith. In support of the motion, the movant submitted a declaration by its attorney with Exhibit A (the complaint), Exhibit B (the subpoena), Exhibit C ("the movant's data base search analysis"), and Exhibit D ("the parties' correspondence relating to the resolution of the scope of discovery").

The subpoena requests the following:

> Request No. 1. All communications between Debon and Jeffrey Management from January 1, 2017 through present.
> Request No. 2. All communications between January 1, 2017 and present that concern or mention Debon.
> Request No. 3. All communications or documents between January 1, 2017 and present that concern or mention terminating or not renewing Jeffrey Management's contract with Securitas or DSSI.
> Request No. 4. All documents that are or contain Securitas Information.
> Request No. 5. All documents that are or contain Securitas Documents.
> Request No. 6. All communications or documents between January 1, 2017 and present that concern or mention entering into a contract with or doing business with Croker.
> Request No. 7. All documents or communications indicating or relating to an understanding or acknowledgement of obligations to which Debon was or might be bound to under the terms of his employment with Securitas or DSSI, created between January 1, 2018 and the present.

Request No. 8. All documents or communications with Debon, Herb
Boeckenhaupt, president of 200mph Media Group, LLC, or any employee or
representative of 200mph Media Group, LLC relating to use of a mobile app in
connection with Securitas's or Croker's services.

The movant asserts that, on March 11, 2021, the temporal scope of the subpoena was limited to

the period January 1, 2018, through the present.

**PLAINITFF'S CONTENTIONS**

The plaintiff argues that the allegations in the complaint are legally sufficient to support

the subpoena and no basis exists to quash the subpoena under Rule 45(a)(1) of the Federal Rules

of Civil Procedure.  The movant waved its objections to the subpoena, as the response to the

subpoena was due on January 6, 2021, and the movant did not assert objections timely, despite

reasonable extensions of time to comply with the subpoena that the plaintiff provided.  The

plaintiff contends:

> The documents sought are relevant to how DeBon tortuously interfered with SES's
> contract with JMC as well as SES's continuing business opportunities and
> expectations. As an entity which previously contracted with SES, and subsequently
> moved its business to Croker, JMC has all the documents and communications that
> will demonstrate that DeBon did more than fairly compete with SES after he left
> its employment – he engaged in wrongful conduct to secure JMC, a customer that
> had been contractually engaged with SES and which SES expected would continue
> to do business.

Moreover, "[t]hat there is no allegation of wrongdoing by JMC is not probative as to whether the

subpoena is relevant to the allegations in the Complaint."  The plaintiff asserts that each request

"is specifically tailored to obtain documents":

> Requests 1-3 concern communications for the period January 1, 2018 through
> present between DeBon and JMC, concerning DeBon, or concerning terminating
> JMC's contract with SES. These requests are obviously highly relevant to the
> claims in this action and would capture DeBon's tactics in convincing JMC to
> cancel its contract with SES and move to Croker. Similarly, Requests 4 and 5 seek
> documents containing Securitas Information and Documents as defined in the
> subpoena. These documents concern the confidential and/or proprietary
> information (specific pricing structures, emergency floor plans, etc.) that SES

4

alleges DeBon unlawfully used to divert JMC's business. Request 6 is related to Request 3 (which sought documents related to the termination of the SES contract), in that it seeks documents for the same period relating to entering into a contract with Croker following the termination of the SES contract. Request 7 concerns, for the period January 1, 2018 through present, any documents relating to obligations that DeBon may have had to SES as a result of his employment there (e.g. a fiduciary duty or other duty not to misappropriate confidential or proprietary information or tortiously interfere with SES's business). These obligations give rise to the claims in this suit. If JMC and DeBon discussed potential obligations or duties DeBon had to SES following his employment, SES is entitled to know. Request 8 concerns communications with a specific entity, 200mph Media Group, LLC, regarding use of a mobile app that SES believes may contain proprietary and or/confidential information belonging to SES. It is a very specific request based on SES's information and belief. There is no plausible argument that these eight requests seek documents that are not highly relevant to the allegations in this lawsuit.

The plaintiff maintains that the requests are not unduly burdensome because the plaintiff "limited the temporal scope of the document requests prior to the search," and "[w]hen JMC demanded that SES pay $1,055 to cover search costs, SES did so without delay. Despite this payment, JMC subsequently made a demand of more than $40,000 in attorneys' fees so that JMC's counsel could review documents for privilege and confidentiality issues prior to production. This review would not benefit SES in any way." According to the plaintiff, "the idea that it would take 60-70 hours to review electronic documents prior to production is preposterous. To identify privileged documents, JMC (or its e-discovery vendor) can easily sort through the database with focused keyword searches." The plaintiff not only limited the time scope in its requests but also "described the precise type of information it is seeking, and focused on narrow topics." Any concerns the movant has about privileged, and confidential information are addressed in the subpoena instructions, and "JMC is fully aware that SES does not request or expect any privileged material to be produced in response to the Subpoena." With respect to information that the movant deems private but not privileged, a stipulated confidentiality order in this action provides the process by which the parties may protect information. The plaintiff

contends that 14 days to respond to the subpoena was reasonable and the period was extended for six months by the plaintiff.  As the searches have already been run and paid for, the documents are in the hands of the movant and any privilege review can be accomplished efficiently "with simple keyword searches."  In support of its opposition, the plaintiff submitted  a declaration by its attorney with Exhibit A (the complaint), Exhibit B (the third-party complaint), Exhibit C (the subpoena), Exhibit D (an affidavit of service respecting the subpoena), Exhibit E (a stipulated confidentiality order), Exhibit F (the "March 11, 2021 e-mail between counsel for SES and JMC"), and Exhibit G ("a July 8, 2021 letter from SES counsel to JMC counsel").

## MOVANT'S REPLY

The movant reiterates its argument that the subpoena lacks a proper foundation in the pleadings and its scope is overly broad.  Given the cost necessitated by the plaintiff's "fishing net" subpoena, the plaintiff should be ordered to bear the cost of the attorney document review and production.  As the subpoena's scope is overly broad, the movant "is entitled to the protections afforded by Rules 45(3)(iv) and 26(c)" of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

> Fed. R. Civ. P. 26(b)(1).

Rule 45 of the Federal Rules of Civil Procedure provides for quashing or modifying a subpoena as follows:

(A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(d)(3).


The movant bears the burden of persuasion in a motion to quash a non-party subpoena. United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Whether a subpoena imposes an undue burden depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Int'l Bus. Mach. Corp., 83 F.R.D. at 104. Moreover, "[a]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Ireh v. Nassau Univ. Med. Ctr., 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); During v. City Univ. of N.Y., 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch Inc., 330 F.3d 104, 108 (2d Cir. 2003).

Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018).


(c) Protective Orders.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative

on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

Fed. R. Civ. P. 26(c).

## APPLICATION OF LEGAL STANDARD

The movant's arguments that the subpoena must be quashed because: (1) the allegations in the complaint are insufficient to sustain it; and (2) it seeks "all" documents "that clearly include attorney-client or other privileged communications" are rejected as unsupported by any legal authority and meritless. The subpoena contains instructions concerning documents that may be privileged or protected from disclosure, and the Federal Rules of Civil Procedure as well as a stipulated confidentiality order in this case govern disclosure of any confidential information.

The plaintiff asserts that "Requests 1-3 concern communications for the period January 1, 2018 through present between DeBon and JMC, concerning DeBon, or concerning terminating

8

JMC's contract with SES."  However, grouping together "Requests 1-3" does not explain how Requests 1 and 2 concern relevant information and are narrowly tailored.  Although limited in temporal scope,  Request No. 1 seeking "All communications between Debon and Jeffrey Management," and Request No. 2, seeking "All communications between January 1, 2017 and present that concern or mention Debon," are overly broad because they are not limited in any other respect to the claims and defenses in this action and, by its overly broad sweep, encompass irrelevant information.  Request No. 3, seeking "All communications or documents between January 1, 2017 and present that concern or mention terminating or not renewing Jeffrey Management's contract with Securitas or DSSI" is in no way limited to the scope of this action and does not even mention the defendant.  The plaintiff failed to explain how all communications between the movant and unidentified other third parties mentioning their contract with the plaintiff, without any limitation to the allegations in this action, are relevant or narrowly tailored to this action.

The plaintiff asserts that Requests 4 and 5 seek documents that "concern the confidential and/or proprietary information (specific pricing structures, emergency floor plans, etc.) that SES alleges DeBon unlawfully used to divert JMC's business."  However, Requests 4 and 5 do not contain explanatory information asserted by the plaintiff in its memorandum of law.  Request No.4, seeking "All documents that are or contain Securitas Information," and Request No. 5, seeking "All documents that are or contain Securitas Documents," are not limited in any manner, temporally or otherwise.  Unlimited Requests 4 and 5 are overly broad and seek irrelevant information.

The plaintiff contends that "Request 6 is related to Request 3 . . . in that it seeks documents for the same period relating to entering into a contract with Croker following the

termination of the SES contract."  Request 6 seeks "All communications or documents between January 1, 2017 and present that concern or mention entering into a contract with or doing business with Croker," and it does not mention "following the termination of the SES contract." Although Request 6 contains a temporal limitation, it contains no limitation to the claims and defenses in this action, including the defendant's alleged misconduct.  Request 6 does not identify whose "entering into a contract with or doing business with Croker" is subject to the request.  Thus, Request 6 seeks irrelevant information, is overly broad, vague, and ambiguous.

The plaintiff contends that Request 7 concerns "any documents relating to obligations that DeBon may have had to SES as a result of his employment there."  Request 7 seeks "All documents or communications indicating or relating to an understanding or acknowledgement of obligations to which Debon was or might be bound to under the terms of his employment with Securitas or DSSI, created between January 1, 2018 and the present."  To the extent that Request 7 is capable of understanding, the plaintiff does not explain the relevance to the movant, if any, of hypothetical or unidentified obligations of the defendant to the plaintiff, or how the movant would be capable of knowing about or searching for hypothetical or unidentified obligations of the defendant to the plaintiff assuming they are relevant.  Request 7 seeks irrelevant information and is vague, ambiguous, and overly broad.

The plaintiff asserts that "Request 8 concerns communications with a specific entity, 200mph Media Group, LLC, regarding use of a mobile app that SES believes may contain proprietary and or/confidential information belonging to SES."  Request 8 seeks "All documents or communications with Debon, Herb Boeckenhaupt, president of 200mph Media Group, LLC, or any employee or representative of 200mph Media Group, LLC relating to use of a mobile app in connection with Securitas's or Croker's services."  Request 8 is not limited in time, it does not

identify whose "documents and communications" are subject to the request, and it does not

identify "a mobile app" mentioned in the request.  The plaintiff failed to explain the relevance of

Request 8 to this action.  Thus, Request 8 seeks irrelevant information, is overly broad, vague,

and ambiguous.

## CONCLUSION

For the foregoing reasons, the movant's motion to quash the subpoena, Docket Entry No.

51, is granted.

Dated: New York, New York                              SO ORDERED:
       September 29, 2021

                                                       Kevin Nathaniel Fox
                                                 KEVIN NATHANIEL FOX
                                                 UNITED STATES MAGISTRATE JUDGE