UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITAS ELECTRONIC SECURITY, INC.,

        Plaintiff,

-against-

BRUCE DEBON,

        Defendant.

No. 1:20-cv-5323

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

McMahon, J.:

Plaintiff Securitas Electronic Security, Inc. ("SES" or "Plaintiff") moves for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15. Plaintiff seeks to add a new claim for breach of contract against Defendant Bruce DeBon ("DeBon"), a former SES employee. Plaintiff's original complaint asserts six claims (none of which sounds in breach of contract) against DeBon for his alleged improper use and misappropriation of SES's confidential and proprietary information and property.

Plaintiff explains that, in the course of discovery in this litigation, third-party Croker Fire Drill ("Croker") turned over a Proprietary Information Agreement (the "Proprietary Information Agreement"), executed in May 2015, between DeBon and Kratos Public Safety & Security Solutions Inc. ("Kratos"). SES acquired Kratos in June 2018 via a 100% stock purchase and was assigned Kratos' rights under the Proprietary Information Agreement. SES's Vice President and General Counsel, Ina Staris, declares that SES did not have a copy of the Proprietary Information Agreement or knowledge of it prior to discovery. The Proprietary Information Agreement contains

certain restrictive covenant provisions which, among other things, forbid DeBon from soliciting Kratos' customers or using its confidential information – the same sort conduct DeBon is already accused of doing to SES in this case. Plaintiff seeks to assert a new claim that DeBon, by his conduct, also breached restrictive covenant provisions in the Proprietary Information Agreement.

For the following reasons, Plaintiff's motion is GRANTED.

## STANDARD

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *see Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Under this liberal standard, amendment should be allowed so long as (1) the party seeking the amendment has not unduly delayed, (2) that party is not acting in bad faith or with a dilatory motive, (3) the opposing party will not be unduly prejudiced by the amendment, and (4) the amendment is not futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The moving party "must explain any delay" but the party opposing the amendment bears the burden of showing bad faith, prejudice, or futility. *See United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F.Supp.3d 759, 766 (S.D.N.Y. 2018) (citing cases). "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)

## DISCUSSION

Undue Delay. Plaintiff provides a satisfactory explanation for its delay in seeking leave to amend the complaint. Plaintiffs submit the Declaration of Ina Staris, Vice President and General Counsel of SES attesting to the fact that SES did not have knowledge of the Proprietary Information Agreement prior to receiving it in discovery. (Dkt. No. 16 ("Staris Dec."), at ¶¶ 6-8). Ms. Staris declared that despite the June 2018 acquisition of Kratos (including acquisition of its

contractual rights), the Proprietary Information Agreement between Kratos and DeBon was not given to SES as part of the acquisition and was never in DeBon's personnel file. (*Id.* ¶¶ 4-6). As such, SES declares that it did not have the agreement or knowledge of it.

Plaintiff further explains that had it had the agreement before, SES would surely have included in its original complaint the breach of contract claim that it seeks now to add.

After discovering the agreement, Plaintiff did not delay in moving for leave to amend the complaint. SES received a document production from Croker in July 2021 which contained the Proprietary Information Agreement, among a voluminous amount of other material. On August 28, 2021, in the course of its document review, SES uncovered the Proprietary Information Agreement. On September 28, 2021, Plaintiff moved for leave to amend the Complaint.

Plaintiff also moved for leave to amend the complaint within the parties' deadline for amending the pleadings. On August 31, 2021, the parties filed a consent letter motion seeking an extension of deadlines for pretrial activities including an extension of time to amend the complaint. (*See* Dkt. No. 47). The extension was granted on September 3, 2021, and the parties' deadline for amending any pleadings was extended to October 14, 2021. (Dkt. No. 48). Plaintiff moved for leave to amend the complaint two weeks prior to the expiration of that deadline.

Nothing in these facts suggest undue delay, and Plaintiff provides a satisfactory explanation for not moving to amend the complaint earlier.

Prejudice. Defendant argues that DeBon will suffer prejudice should Plaintiff be permitted to amend the complaint now. The Court agrees that while DeBon will suffer some prejudice in that it adds a claim and broadens discovery to the scope of that claim, there is no *undue* prejudice justifying denial of leave to amend in this case. As Plaintiff points out on reply, the claim that DeBon violated the Proprietary Information Agreement concerns the same conduct this case has

always involved. (*See* Dkt. No. 65, at 3).

"Prejudice arises when the amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another matter.'" *Soroof Trading Development Co., Ltd. V. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (quoting *Block v. First Blood Associations*, 988 F.2d 344, 350 (2d Cir.1993)). Although "prejudice to the opposing party is an important consideration, only *undue prejudice* justifies denial of leave to amend." *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014) (emphasis in original).

DeBon is correct that he will have to expend additional resources to conduct additional discovery in defense of the new claim; however, that expenditure should not be "significant" as the new claim concerns a contract DeBon has always had in his possession and conduct which DeBon engaged in that may have violated that agreement (conduct which has always been the subject of this litigation). Such additional discovery should not constitute a significant burden or significantly delay the resolution of the dispute – the parties agree that four months additional months of discovery is all they will need. (*See* Dkt. No. 68).

The alternative to amending this complaint would be for Plaintiff to file an entirely separate action asserting the breach of contract claim, which seems the greater waste of time and resources for the parties and the Court. Thus, while the Court agrees DeBon will experience some prejudice in having to undertake some additional discovery tailored to his defense of the new claim, such prejudice is not undue.

<u>Bad Faith, Dilatory Motive, or Futility</u>. Defendant raises no bad faith, dilatory motive, or futility as grounds to deny Plaintiff's motion for leave to amend. The Court finds none.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. Plaintiff is directed to immediately file the Proposed Amended Complaint (Dkt. No. 57-1) as an Amended Complaint on the docket for this case.

Plaintiff's December 27, 2021 consent letter request to extend the discovery period for a period of four months from the disposition of this motion (Dkt. No. 68) is GRANTED. Discovery is extended until June 17, 2022.

Defendant's request for leave to serve new discovery demands (Dkt. No. 62) in order to defend against Plaintiff's newly asserted breach of contract claim is GRANTED.

This constitutes the decision and order of the court. This is a written opinion.

The Clerk is directed to close the open motion at Docket Number 57.

Dated: February 17, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL