UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SECURITAS ELECTRONIC SECURITY, INC.,

        Plaintiff,

    -against-                                          20 Civ. 5323 (CM)(JW)

BRUCE DEBON,

        Defendant,
        Third party Plaintiff,

    -against-

FELIX GONZALES,

        Third Party Defendant

--------------------------------------------------------------x

### DECISION AND ORDER DISPOSING OF OBJECTIONS TO RULING OF MAGISTRATE JUDGE ON THIRD PARTY MOTION TO QUASH

McMahon, J.:

Third party witness Jeffrey Management Corporation ("JMC") moved to quash the discovery subpoena served on it by Plaintiff. (Dkt. No. 49). JMC's motion was granted in all respects by my now-retired colleague, The Hon. Kevin Nathaniel Fox, U.S.M.J. (Dkt. No. 61) Plaintiff Securitas Electronic Security, Inc. ("Securitas") and Third-Party Defendant Felix Gonzalez filed seven timely objections to Judge Fox's ruling. (Dkt. No. 63) The record does not indicate that JMC filed any papers in response to Securitas' objections, and its time to do so has long since expired.

For the reasons stated below, the court affirms five of Judge Fox's seven rulings, reverses two of them, and reinstates the subpoena to the extent indicated below. JMC has twenty business days from the date of this decision to provide the relevant documents to Securitas.

*Scope of Review*

The scope of review by the district court on appeal from an order of a magistrate judge depends on whether the order is dispositive or non-dispositive. A magistrate judge's order on dispositive matter must be reviewed by the district court *de novo* in the face of an objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). In reviewing a magistrate judge's order on a non-dispositive matter in the face of an objection, the district court may only modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law – a deferential standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" when the entire evidence leaves the district court "with the definite and firm conviction that a mistake has been committed." *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). A magistrate judge's resolution of discovery disputes deserves substantial deference. *Thompson*, 1996 WL 229887, at *1.

An order quashing a third party subpoena is a non-dispositive order, because it is not one of the types of orders that, per 28 U.S.C.A. § 636 (b)(1)(A), magistrate judges are barred from finally deciding: "Notwithstanding any provision of law to the contrary . . . a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a

motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C.A. § 636 (b)(1)(A). Therefore, the appropriate standard for reviewing Judge Fox's order is whether it is clearly erroneous or contrary to law.

*The Magistrate Judge's Order Should Be Affirmed in Part and Reversed in Part*

For the most part, Judge Fox's order survives scrutiny under that deferential standard (and would survive even if the court were to review those rulings *de novo*). As to two of the seven rulings to which objection is made, however, I agree with Securitas that the rulings are clearly erroneous and should be vacated.

Objection One: The court sustains the objection and reverses Judge Fox's order insofar as he quashed the subpoena's request for copies of all communications between DeBon and non-party JMC between January 1, 2018 and the date of the subpoena. Third parties with relevant information are not exempt from discovery simply because no claims are asserted against them. The complaint in this action alleges that defendant DeBon contacted customers of his former employer – including specifically JMC – from and after January 1, 2018, for the purpose of diverting his employer's business from Securitas. The subpoena seeks any written record of such communications, as well as other communications between DeBon and JMC during this limited period. The subpoena is reasonably limitation in time to relevant periods; it encompasses the period when DeBon owed Securitas a duty of undivided loyalty as its employee. Emails containing such communications – whether to or from DeBon – are plainly relevant to the matter in suit, and their relevance outweighs the burden of producing such emails, which is slight – a simple search of the

"to" and "from" fields yields the entire universe of such communications, and the universe of documents that might include these communications has already been identified (at Securitas' expense). The emails need not be reviewed for privilege as they could not possibly be privileged; DeBon's presence as either the sender of the receiver of such communications destroys any possible privilege. There is, therefore, no undue burden on JMC.

Objection Two: The court sustains the objection to Securitas' request for copies of all emails during the same time period that refer to DeBon and to that extent affirms the Magistrate Judge's order. The request is overbroad. Moreover, the request, whether intentionally or not, covers potentially privileged materials, since if DeBon did contact JMC in order to induce it to changed vendors, it is highly likely that JMC would have consulted counsel to discuss its options. Finally, MJC's internal deliberations about any approach from DeBon, even if not privileged, are neither relevant to the issues to be tried in this lawsuit nor likely to lead to the discovery of admissible evidence. It is possible that some emails responsive to this request might be producible, but it is not the place of this court to prune an overbroad request for documents. I do note that JMC's response to the request for copies of all communications between DeBon and JMC for the relevant period should yield the relevant and admissible information that plaintiff seeks.

Objection Three: Same ruling as Objection Two. The request is for any JMC documents that mention not renewing JMC's contract with Securitas. The issue in this case is not whether JMC did or did not contemplate not renewing its contract with Securitas – which it was perfectly free to do – but whether it did so at the behest of DeBon, in violation of some legal duty DeBon may have had to his employer. Again, responses to the request for copies of all communications between DeBon and JMC should yield any relevant and admissible information on this subject.

Objection Four: The court overrules the objection and affirms Judge Fox's order insofar as he quashed the subpoena's request for copies of all emails that contain Securitas "Documents" or "Information." If DeBon emailed Securitas Documents or Information to JMC, those emails will necessarily be produced in response to the request for communications between DeBon and JMC. This request is, to that extent, duplicative of the previous request.

Objection Five: The court sustains the objection and reverses Judge Fox's order insofar as he quashed the subpoena's request for copies of all communications or documents that refer to JMC's entering into a contract or doing business with Croker. To the extent that there exist any non-privileged documents generated during the relevant period that specifically refer to doing business with Croker, they could lead to the discovery of relevant and admissible evidence and they must be produced. Whether documents so produced confirm Securitas' allegation that DeBon instigated any such communications is another matter; JMC is correct that nothing at law prevented it from doing business with a competitor of Plaintiff's. However, non-privileged documents that discuss this subject could reveal the existence of otherwise undiscoverable oral communication between JMC and DeBon on this subject.

Objection Six: The objection is overruled, and the order of Judge Fox is affirmed. JMC is not a party to any agreement between Plaintiff and Defendant, and no claim is being asserted against JMC arising out of or relating to such an agreement. Therefore, any musings of JMC concerning the scope of any duty or agreement between Plaintiff and Defendant – a contract to which it was a stranger – are irrelevant and not likely to lead to admissible evidence. Whether JMC thought that DeBon was or was not free to treat with is not at issue in this lawsuit; the only thing that is at issue is whether DeBon did in fact treat with JMC in violation of some legal duty that he owed Securitas.

<u>Objection Seven</u>: The objection is overruled, and the order of Judge Fox is affirmed. If DeBon communicated with JMC about the app, it will be revealed when his communications with JMC are produced. The request is otherwise overbroad.

As so modified, the order of Magistrate Judge Fox is affirmed.

To the request in Securitas' letter of inquiry dated March 3, 2022 (Dkt No. 74), the four months run from today.

This constitutes the decision and order of the court.

Dated: March 4, 2022

*[signature]*

U.S.D.J.